

FILED
5/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**1:26-cr-0209
Judge Lindsay C. Jenkins
Magistrate Judge Beth W. Jantz
RANDOM / Cat. 3**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | |
| GERARD C. MOORER | Violation: Title 18, United States Code, Section 1343 |

## COUNT ONE

The SPECIAL SEPTEMBER 2025 GRAND JURY charges that:

1.    At times material to this indictment:

a.    Defendant GERARD C. MOORER resided in Chicago, Illinois, and was employed by the federal government as an aide to Congressman A, including as a Deputy District Director.

b.    The Social Security Act ("SSA") established the dual program of federal and state unemployment benefits. Under the SSA, each state administered its own unemployment program through a State Workforce Agency to distribute state unemployment benefits, within the guidelines of federal law. State unemployment benefits are financed in part by state payroll taxes, which are held in trust by the United States Treasury's Federal Unemployment Trust Fund. During periods of high unemployment, the federal government has also funded or augmented state unemployment benefits.

c.    The Illinois Department of Employment Security ("IDES") was the designated State Workforce Agency of the State of Illinois that administered state unemployment insurance benefits ("UI benefits").

d.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed and intended to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

e.      The CARES Act expanded individual states' ability to provide assistance to workers impacted by COVID-19, including workers who were not ordinarily eligible for UI benefits. One of the temporary assistance programs established for this purpose was known as Pandemic Unemployment Assistance ("PUA").

f.      Under the PUA provisions of the CARES Act, individuals qualified for PUA benefits if they were: (1) self-employed, seeking part-time employment, or otherwise would not qualify for regular unemployment insurance or extended benefits under state or federal law or Pandemic Emergency Unemployment Compensation; and (2) unemployed, partially unemployed, unable to work, or unavailable to work due to specific COVID-19 related reasons.

g.      To obtain PUA benefits, claimants in the State of Illinois were first required to apply for UI benefits through IDES. After those claims were denied, claimants were required to complete an application form, which was signed by the applicant. The PUA application required the applicants to acknowledge the program rules and make certain affirmative certifications regarding the eligibility of the claimants. In the application, claimants were required to disclose, among other

2

things: (1) whether they were "employed with the military or the federal government since 10/1/2018"; and (2) self-certify that they met one of the COVID-19 related reasons for being unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19 related reason.

h.  If claimants received PUA benefits, they then needed to file weekly certifications with IDES regarding their continued entitlement to PUA benefits. Such certifications included, among other things, information regarding whether the claimants worked during the prior week, including "federal employment," and whether the claimants were "totally or partially unemployed because of the pandemic."

2.  Beginning on or about May 10, 2020, and continuing until on or about September 6, 2021, in the Northern District of Illinois, and elsewhere,

GERARD C. MOORER,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property from IDES, in the form of PUA benefits from the federal government, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.  It was part of the scheme that MOORER knowingly filed and caused to be filed a false and fraudulent application for PUA benefits to IDES and filed and caused to be filed false and fraudulent certifications, in order to fraudulently induce IDES to pay PUA benefits to MOORER.

3

4.     It was further part of the scheme that, on or about May 21, 2020, MOORER submitted and caused to be submitted to the IDES an application for unemployment insurance and PUA benefits on behalf of himself, which application contained materially false statements and misrepresentations, including that he had not been employed by the federal government since October 1, 2018, when, in truth, MOORER knew that, since October 1, 2018, he had been employed by the federal government as an aide to Congressman A.

5.     It was further part of the scheme that, in his application for PUA benefits, MOORER falsely indicated that he met one of the COVID-19 related reasons for being unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19 related reason, when, in truth, MOORER knew that he was not unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19 related reason, because he continued to be employed by Congressman A at the time of his PUA application.

6.     It was further part of the scheme that, between on or about May 24, 2020, and on or about September 6, 2021, MOORER submitted and caused to be submitted to the IDES false and fraudulent certifications for unemployment insurance and PUA benefits, including certifications that falsely claimed that MOORER did not work during the periods certified, and that he was totally or partially unemployed because of the COVID pandemic, when, in truth, MOORER knew that he was working for Congressman A between on or about May 24, 2020,

4

and on or about September 6, 2021, and that he was not totally or partially unemployed because of the COVID pandemic.

7.     It was further part of the scheme that MOORER caused the disbursement of thousands of dollars of fraudulently obtained PUA benefits to bank accounts that he controlled and used the funds for his personal benefit.

8.     It was further part of the scheme that MOORER misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

9.     On or about May 26, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GERARD C. MOORER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce by means of a wire communication certain writings, signs, and signals, namely, a certification regarding MOORER's eligibility for PUA benefits to the IDES, which certification was transmitted to a server outside the State of Illinois;

In violation of Title 18, United States Code, Section 1343.

5

## COUNT TWO

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2.      On or about August 30, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### GERARD C. MOORER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce by means of a wire communication certain writings, signs, and signals, namely, a certification regarding MOORER's eligibility for PUA benefits to the IDES, which certification was transmitted to a server outside the State of Illinois;

In violation of Title 18, United States Code, 1343.

6

## <u>COUNT THREE</u>

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2.      On or about September 6, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GERARD C. MOORER,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce by means of a wire communication certain writings, signs, and signals, namely, a certification regarding MOORER's eligibility for PUA benefits to the IDES, which certification was transmitted to a server outside the State of Illinois;

In violation of Title 18, United States Code, 1343.

7

## **FORFEITURE ALLEGATION**

The SPECIAL SEPTEMBER 2025 GRAND JURY further alleges:

1.  The allegations contained in Counts One through Three of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  As a result of the violations of Title 18, United States Code, Section 1343, as alleged in the foregoing indictment,

### GERARD C. MOORER,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses

3.  The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include, but are not limited to, approximately $31,887.

4.  If any of the property described above, as a result of any act or omission by a defendant, cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the

8

United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY